983 F.2d 1055
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BRIDGES IN ORGANIZATIONS, INCORPORATED; Kanu Dunn Kogod,
Plaintiff-Appellants,
v.
BUREAU OF NATIONAL AFFAIRS, INCORPORATED; BNA
Communications, Incorporated, Defendants-Appellees.
 No. 92-1258.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 28, 1992
Decided: December 30, 1992
As Amended Jan. 6, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-91-23-B)
 Argued: Thomas Esmay Cackett, Cackett & Associates, Rockville, Maryland, for Appellants.
 Charles Daniel Ossola, Hunton & Williams, Washington, D.C., for Appellees.
 On Brief: Sharon G. Hyman, Hunton & Williams, Washington, D.C., for Appellees .
 D.Md.
 AFFIRMED.
 Before HAMILTON, Circuit Judge, BUTZNER, Senior Circuit Judge, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Bridges in Organizations, Inc. and Kanu Dunn Kogod ("Kogod") appeal from the district court's order granting summary judgment to Bureau of National Affairs, Inc. and BNA Communications, Inc. ("BNAC"). In 1988, Kogod registered with the U.S. Patent and Trademark Office the name "Bridges in Health Care" as a trademark for "educational consulting services, namely providing analysis, training and follow-through on programs to enhance skills for health personnel in their dealings with patients." In 1990, BNAC introduced a video product entitled "Bridges: Skills for Managing a Diverse Workforce." Thereafter, Kogod asserted registered and common law trademark infringement causes of action against BNAC pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq. On cross motions for summary judgment, the district court concluded that: (1) BNAC had demonstrated that the word "Bridges" as used in the cultural diversity field is descriptive and therefore not entitled to trademark protection without a showing of a secondary meaning; (2) Kogod failed to produce any evidence of a secondary meaning; and (3) assuming that Kogod was entitled to trademark protection, no infringement occurred because no likelihood of confusion exists between Kogod's service and BNAC's product.
 
 
 2
 Our review of the record, the district court's opinion, and the arguments of counsel discloses that Kogod's appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Bridges in Organizations, Inc. and Kanu Dunn Kogod v. Bureau of National Affairs, Inc. and BNA Communications, Inc., No. CA-B-91-23 (D. Md. January 29, 1992).
 
 AFFIRMED